UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 23-cv-61362-BLOOM

JERRY LEE BYRD,

    Plaintiff,
v.

DANIEL B. VALLES, *et. al.*,

    Defendants.
_____/

## ORDER REQUIRING AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon *pro se* Plaintiff, Jerry Lee Byrd's Complaint Under 28 U.S.C. § 1983 ("Complaint"), ECF No. [1], entered on the docket on July 18, 2023. Plaintiff is ordered to amend his Complaint in accordance with this Order.

**I.    BACKGROUND**

Plaintiff is a pretrial state prisoner who files suit against the Broward County Sheriff, seven Broward County Sheriff's Office ("BSO") officers, a storage facility, and an insurance company alleging that his arrest — and the resulting search of his storage unit — was in violation of his constitutional rights. *See generally id*. All Defendants are sued in their individual and official capacities. *See id*. at 2.

Plaintiff alleges that he "was arrested and detained by several BSO officers in [an] illegal traffic stop at the entrance of Extra Space Storage . . . that turned into a fishing expedition[.]" ECF No. [1] at 4. Following the stop, Plaintiff alleges that both he and his vehicle were unlawfully searched and "Defendant Detective Daniel B. Valles . . . knowingly and willfully stole the Plaintiff['s] "Extra Space Storage" business card that [displayed] the gate code, storage unit number, and the [PIN] to enter the side door, but did not display the code of the combination lock

affixed to the storage unit[.]" *Id*. at 6. Plaintiff alleges that the resulting search warrant of his storage unit was unlawfully obtained and executed. *See id*. at 7–9. Plaintiff seeks $100,000.00 in compensatory damages, $150,000.00 in punitive damages as well as declaratory and injunctive relief. *See id*. at 13–14.

**II.      LEGAL STANDARD**

Plaintiff has been granted permission to proceed in forma pauperis ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003). Under § 1915(e)(2), a case is subject to dismissal if the action is: (1) "frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

To state a claim for relief under § 1983, Plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.* (citations omitted). Thus, the allegations in a complaint require more than mere labels and legal conclusions. *See Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019). However, a district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez v.*

*Scott,* 775 F. App'x 599, 603 (11th Cir. 2019) (per curiam) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014).

In addition, shotgun pleadings are not allowed — even from *pro se* plaintiffs. There are four types of shotgun pleadings that violate Federal Rules of Civil Procedure 8(a), 10(b), or both:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The "unifying characteristic" of shotgun pleadings is they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

### III. DISCUSSION

**A. Shotgun Pleading**

The Complaint falls under the third category of shotgun pleadings because it contains a rambling, nine-page "statement of the claim" that fails to identify any claim or claims for relief. *See* ECF No. [1] at 4–12. It is altogether unclear what claim or claims are being alleged, nor which of the named Defendants is liable and for what each Defendant is responsible. In other words, the Complaint is a shotgun pleading that "fail[s] . . . to give the [D]efendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Moreover, Defendant Valles and Defendant Tony are the only law enforcement defendants mentioned in the "statement of the claim." *See* ECF No. [1] at 4–12. Defendants Diaz, Miller,

Gomez, Okun, Thompson, and Russell are not mentioned and so no "factual allegations" exist that would "allow the court to draw the reasonable inference that the defendant[s] [are] liable for the alleged misconduct." *Griffin*, 261 F.3d at 1303. In fact, for all Defendants, Plaintiff fails to plead sufficient "factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant[s] [are] liable for the alleged misconduct." *Id.* Plaintiff shall have one opportunity to amend.

### B. Official Capacity Claims

As discussed, Plaintiff seeks to sue all Defendants in their individual and official capacities. Regarding the official capacity claims, a suit against a state officer, employee, or agent in his or her official capacity is in actuality "an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S 658, 690 n.55 (1978) ("Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' "); *see also Faulkner v. Monroe Cnty Sheriff's Dept.*, 523 F. App'x 696, 701 (11th Cir. 2013) ("A suit against a person in their official capacity is treated as a suit against the entity."). Because these Defendants are employed by the BSO, the official capacity claims are the equivalent of claims against Broward County.[1]

"To impose § 1983 liability on [Broward County], a plaintiff must show: (1) that his constitutional rights were violated; (2) that [Broward County] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Garcia v. Leavins*, 2021 WL 3476623, at *4 (N.D. Fla. June 25, 2021),

---

[1] The claims are against Broward County because under Florida law, "sheriff's offices lack the legal capacity to be sued." *Wilk v. St. Lucie Cnty. Fla. Sheriff Off.*, 740 F. App'x 658, 662 (11th Cir. 2018) (citation omitted).

*report and recommendation adopted*, No. 2021 WL 3472797 (N.D. Fla. Aug. 5, 2021) (alterations adopted; citing *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). A government entity, such as Broward County, may be liable in a section 1983 action "only where the [government entity] itself causes the constitutional violation at issue." *Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty.*, *Fla*., 402 F.3d 1092, 1116 (11th Cir. 2005). Thus, in an official capacity suit, plaintiff must establish that an official policy or custom of the government entity was the "moving force" behind the alleged constitutional deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693–94 (1978); *Graham*, 473 U.S. at 166 ("[I]n an official capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law."). Plaintiff shall have one opportunity to amend.

### C. Individual Capacity Claims: Defendant Warden Tony

For a supervisor to be liable for the misconduct of his subordinates, he must be causally connected to the constitutional violation, such as by implementing an unlawful policy or disregarding multiple prior reports of misconduct. *See, e.g.*, *Alston v. Swarbrick*, 954 F.3d 1312, 1321 (11th Cir. 2020); *Piazza v. Jefferson Cty., Ala.*, 923 F.3d 947, 957 (11th Cir. 2019); *Fulwood v. Fed. Bureau of Prisons*, 568 F. App'x 753, 756 (11th Cir. 2014) (per curiam). Plaintiff fails to allege any causal connection between Defendant Warden Tony and the alleged constitutional violations. His status as a supervisor is not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (noting that "supervisory liability" is a misnomer). In other words, Plaintiff fails to allege sufficient facts to establish that Defendant Warden Tony was *personally involved* in the alleged constitutional violations. *See id.* Plaintiff shall have one opportunity to amend.

Case No. 23-cv-61362-BLOOM

### D. Conspiracy: Private Party Defendants

Defendant Extra Space Management and Defendant Beecher Carlson Insurance Services are private parties. To sue a private party under § 1983, a plaintiff must establish that the private party conspired with state actors to violate the plaintiff's constitutional rights. *See Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990). "To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that the defendants reached an understanding to violate [his] rights. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002). Plaintiff shall have one opportunity to amend.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

1. On or before **August 24, 2023**, Plaintiff shall file an Amended Complaint that cures the abovementioned deficiencies. The Amended Complaint must be signed under the penalty of perjury and must provide a short and plain statement of all claims for relief, a basis for federal jurisdiction, and a demand for judgment.

2. Plaintiff shall file the Amended Complaint on this District's form for section 1983 actions, which he must fill out completely. The Clerk is **DIRECTED** to provide Plaintiff with this District's form for section 1983 actions alongside this Order.

3. The Amended Complaint shall be the **sole operative pleading** considered in this case; only the claims alleged therein will be addressed by the Court. Therefore, the Amended Complaint must not refer to the original complaint or incorporate by reference claims raised or arguments made therein. Similarly, the Amended Complaint must not incorporate by reference arguments or text from any other documents, including any exhibits.

Case No. 23-cv-61362-BLOOM

4. The Amended Complaint must contain a separate paragraph as to each defendant explaining what the defendant did and the supporting facts to show why that person is being sued.

5. The Amended Complaint must be labeled **"Amended Complaint"** and must show **23-cv-61362-BLOOM** so that it will be filed in this case.

6. Plaintiff must not expand the scope of the case by alleging new unrelated claims, or adding new unrelated defendants, in the Amended Complaint. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

7. The Plaintiff is warned that failure to file the Amended Complaint on time and in compliance with this Order will result in dismissal of this case. *See* Fed. R. Civ. P. 41(b).

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 24, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Jerry Lee Byrd
Paul Rein Detention Facility
Inmate Mail/Parcels
2421 NW 16 Street
Pompano Beach, FL 33069
PRO SE