UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-61362-BLOOM

JERRY LEE BYRD,

    Plaintiff,

v.

DANIEL B. VALLES, *et al.*,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court on Plaintiff (hereinafter "Petitioner") Jerry Lee Byrd's Amended Complaint filed pursuant to 42 U.S.C. § 1983, ECF No. [17].[1] The Court's review of the Amended Complaint reveals that Petitioner seeks dismissal of his pending criminal charges in Broward County case numbers 23003145CF10A and 23003397CF10A.[2] *See id.* at 9. Considering this request, the Court concludes that the Amended Complaint (hereinafter "the Petition") is properly construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Bradley v. Pryor*, 305 F.3d 1287, 1289 (11th Cir. 2002) ("[H]abeas corpus [rather than § 1983] is the

---

[1] Petitioner filed Amended § 1983 Complaints at docket entries 17 and 19. The only perceivable difference between the two Amended Complaints is the date on which Petitioner signed the pleadings. (*See generally* ECF Nos. [17] & [19]). Since the Amended Complaint at docket entry 19 appears duplicative — and therefore improper — the Court elects to screen the Amended Complaint at docket entry 17. *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) ("It is well established that as between federal district courts the general principle is to avoid duplicative litigation. This doctrine rests on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.") (alterations, citations, and quotation marks omitted).

[2] The Court takes judicial notice of the state court dockets in case numbers 23003145CF10A and 23003397CF10A. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020) (citing Fed. R. Evid. 201(b)). Consistent with the Court's exercise of judicial notice, the Clerk is **INSTRUCTED** to include as part of the record in this case the Seventeenth Judicial Circuit's dockets in case numbers 23003145CF10A and 23003397CF10A, available at https://www.browardclerk.org/Web2 (last accessed Sep. 20, 2023).

exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." (alterations added; citing *Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973)); *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004) ("[B]ecause this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241." (alteration added; citations omitted)); *see also United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." (citation omitted)). Having considered the Petition in light of the relevant law, the Court finds that it is properly dismissed without prejudice under *Younger v. Harris*, 401 U.S. 37 (1971).[3]

**I.   BACKGROUND**

In the Petition, Petitioner bases his claim for habeas relief on the following facts: On March 21, 2023, several detectives working for the Broward County Sheriff's Office detained and arrested Petitioner during a purportedly illegal traffic stop. *See* ECF No. [17] at 4. During this stop, the detectives searched the Petitioner's person and vehicle and found narcotics in Petitioner's car. *See id.* at 5. Consequently, the detectives charged Petitioner with felony possession of an illegal substance and took him to the Broward County Main Jail. *See id.* at 6.

Petitioner also states that the detectives who searched his person obtained a business card with information on how to access Petitioner's storage unit. *See id.* The detectives used this information to illegally search the storage unit; following the search, a magistrate judge charged Petitioner with additional unspecified crimes. *See id.* at 6-7.

---

[3] Because "it plainly appears from the [P]etition . . . that the [P]etitioner is not entitled to relief . . . , the [Court may] dismiss the [P]etition" without first ordering a response from Respondents. Rules Governing Section 2254 Cases, Rule 4; *see also* Rules Governing Section 2254 Cases, Rule 1(b) (explaining that the district court may apply the Rules to a § 2241 habeas petition).

Based on these facts, Petitioner asks the Court to "vacate and quash the criminal proceedings" against him "in the Seventeenth Judicial Circuit in and for Broward County, Florida, case numbers 23003145CF10A[ and] 23003397CF 10A[.]" *Id.* Petitioner also seeks monetary damages for his purported injuries and criminal charges to be filed against the detectives he names in the Petition.

## II.     DISCUSSION

Under 28 U.S.C. § 2241, a state pretrial detainee may file a petition for writ of habeas corpus in a federal district court if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Nevertheless, a federal court must dismiss a § 2241 petition challenging a state-court pretrial detainee's criminal charges when principles of equity, comity, and federalism counsel abstention in deference to ongoing state court proceedings. *See Younger*, 401 U.S. at 43-44.

*Younger* abstention applies "when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)). "Federal courts have consistently recognized this limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." *Hughes*, 377 F.3d at 1263 (footnote call number omitted). These narrow exceptions include when "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* at 1263 n.6 (citation omitted).

As explained, case numbers 23003145CF10A and 23003397CF10A are currently in pretrial posture. Those cases, therefore, constitute ongoing state judicial proceedings that implicate

3

important state interests. The Court must abstain under *Younger* and dismiss the Petition unless Petitioner can demonstrate that one of the "three narrow exceptions" to the *Younger* doctrine apply to his case. *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022).

Petitioner attempts to argue that he qualifies for each exception to the *Younger* doctrine; the Court rejects these arguments in turn. First, Petitioner claims that the prosecution is "relying on fraudulent document[]s" to secure a conviction against him, ECF No. [17] at 7. The bad faith exception to the *Younger* doctrine requires a "substantial allegation" that the challenged prosecution was "brought with no intention of securing a conviction or with an intention to harass." *Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) (citing *Younger*, 401 U.S. at 48). Petitioner makes no such allegation here.

Next, Petitioner makes the vague and unsubstantiated claim that he will continue to suffer "irreparabl[e] harm" if the Court does not intervene. ECF No. [17] at 9. However, the mere fact that Petitioner is being prosecuted (and being detained pending trial) is not an "irreparable injury" under *Younger*. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[T]he cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute 'irreparable injury' in the 'special legal sense of that term.'" (quoting *Younger*, 401 U.S. at 46)).

Finally, Petitioner claims that he "has no adequate remedy to seek redress for the injustices described" in the Petition. ECF No. [17] at 9. The Court has reviewed the dockets in Petitioner's state court criminal cases, and it appears that Florida's courts remain an adequate alternative forum for Petitioner's constitutional claims — but that he has yet to avail himself of this opportunity. *See Pompey v. Broward Cnty.*, 95 F.3d 1543, 1551 (11th Cir. 1996) ("[F]or abstention purposes, whether a claim would likely be successful on the merits in the state court is not what matters. Instead, what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts[.]").

In short, Petitioner fails to establish that any of those exceptions apply to his case; thus, abstention under *Younger* is required.

### III.   EVIDENTIARY HEARING

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, the issues presented can be resolved based on the record before the Court. Because the Court can "adequately assess [Petitioner's] claim[s] without further factual development[,]" he is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

### IV.   CERTIFICATE OF APPEALABILTY

A prisoner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal; rather, to do so, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where the district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists "would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court rejects a petitioner's claims on procedural grounds, the petitioner must additionally show that "jurists of reason" would find the district court's procedural ruling "debatable." *Id*. Upon consideration of the record, the Court concludes there is no basis to issue a certificate of appealability.

## V.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Petitioner's construed § 2241 Petition, **ECF No. [17]**, is **DISMISSED without prejudice**.

2. A certificate of appealability and any requests for an evidentiary hearing are **DENIED**.

3. The Clerk is **INSTRUCTED** to include as part of the record the Seventeenth Judicial Circuit Court's dockets in in case numbers 23003145CF10A and 23003397CF10A (as of the date of this Order).

4. The Clerk is directed to **CLOSE** this case. There are no issues with arguable merit, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 20, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Jerry Lee Byrd, *PRO SE*
232300564
Paul Rein Detention Facility
Inmate Mail/Parcels
Post Office Box 407003
Pompano Beach, Florida 33340